**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

GEMMA RAMSOUR,

Plaintiff,

vs.

JP MORGAN CHASE BANK; CHASE HOME FINANCE, LLC,

Defendants.

CASE NO. 11cv116-WQH-BLM

ORDER

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Second Amended Complaint, filed by Defendants JP Morgan Chase Bank and Chase Home Finance, LLC (collectively, "Chase"). (ECF No. 11).

**I. Background**

On May 5, 2011, Plaintiff filed the Second Amended Complaint, which is the operative pleading. (ECF No. 9).

**A. Allegations of the Second Amended Complaint**

Plaintiff is 76 years old, and "Defendants know or should have known of Plaintiff's status as a senior citizen based on Defendants' prior dealings with Plaintiff and Defendants' access to Plaintiff's credit reports and other documentation." *Id.* ¶ 24.

"In the early 2000's Plaintiff's then investment planner encouraged Plaintiff to invest in the conversion of an apartment complex into a condominium development." *Id.* ¶ 25. "Unbeknownst to Plaintiff, her [investment planner] used Plaintiff's financial information

to obtain mortgages and financing on various individual condominiums within the development." *Id.* ¶ 27. "Plaintiff was taken to Las Vegas by her investor to sign what she thought were loan documents relating to her finance portion of the condominium project. Unbeknownst to Plaintiff, the documents she signed were loan documents for individual condominium units. These documents include the initial loan documents for the alleged debt in the instant case, a delinquent mortgage for an individual condominium unit." *Id.* ¶ 28. In August 2007, Plaintiff's investment planner "was charged with a criminal information in the United States District Court, Southern District of California Court (Case No. 07CR2260H) alleging mail fraud for his condominium investment scheme." *Id.* ¶ 29. Plaintiff's investment advisor "pleaded guilty to mail fraud in the criminal case." *Id.* ¶ 30.

On February 7, 2007, "Defendants' predecessor Washington Mutual Bank filed a complaint against Plaintiff in the San Diego Superior Court ... alleging unjust enrichment and conversion against Plaintiff in regards to the alleged debt." *Id.* ¶ 31. On March 27, 2008, "Washington Mutual Bank filed a case management statement in the state court case stating 'WAMU is contemplating dismissing the suit against [Plaintiff] and filing against those she claims are responsible.'" *Id.* ¶ 32. In April 2008, "Defendants' predecessor, Washington Mutual Bank, determined that Plaintiff was a victim of identity theft and fraud and therefore not responsible for the alleged underlying debt giving rise to the state court action. Accordingly, Washington Mutual Bank dismissed the state court action against Plaintiff with prejudice." *Id.* ¶ 33.

On December 31, 2008, Washington Mutual Bank sent Plaintiff a letter "informing her that Defendant JP Morgan Chase had acquired the alleged debt on September 25, 2008." *Id.* ¶ 34. "Washington Mutual Bank's December 31, 2008 letter further stated that the underlying loan was in default on September 25, 2008. This was false as the case against Plaintiff had already been dismissed with prejudice." *Id.* ¶ 35.

"On or about early 2010, Defendants telephoned Plaintiff and demanded payment of the alleged debt." *Id.* ¶ 41. On November 2, 2010 and November 10, 2010, Plaintiff's counsel telephoned Defendants' Quality Assurance Department and left voice-mail messages

identifying counsel and counsel's telephone number, "requesting that Defendants cease calling Plaintiff," and "request[ing] that all communications be directed to counsel's office." *Id*. ¶¶ 44-45.

"Over the course of approximately one year, Plaintiff received daily telephone calls from Defendant[s]. At a minimum Plaintiff would receive one call per day, but often times she would receive two or three times in a single day." *Id*. ¶ 65. "From approximately October 2010 to January 2011, Plaintiff received two to three telephone calls from Defendants on a daily basis. Plaintiff would answer the calls and tell Defendants' representative that she was represented by current counsel and not to contact her again." *Id*. ¶ 66. "Despite having knowledge that Plaintiff was represented by counsel and that Plaintiff does not legally owe the alleged debt, Defendants continued to place telephone calls to Plaintiff with the purpose to harass or annoy her." *Id*. "Plaintiff estimates that hundreds of calls took place between October 2010 and January 2011 alone." *Id*. ¶ 67.

"Defendants' multiple communications to Plaintiff have caused Plaintiff unnecessary stress and anxiety, fear of answering the phone." *Id*. ¶ 76.

The Second Amended Complaint contains four counts: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq.; (2) violations of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788-1788.32; (3) "Invasion of Privacy ... Intrusion into Private Affairs"; and (4) "Treble Damages ... Deceptive Acts Against a Senior Citizen." *Id*. at 13. The Prayer for Relief requests statutory damages, "actual damages," "compensatory and punitive damages," and "[t]reble damages pursuant to Cal. Civ. Code § 3345." *Id*. at 14.

**B. Motion to Dismiss**

On May 23, 2011, Chase filed the Motion to Dismiss. (ECF No. 11). Chase contends:

> [Plaintiff's] third claim, for Invasion of Privacy, ... fails because that claim requires an allegation of conduct that is 'highly offensive to a reasonable person' and the [Second Amended Complaint] fails to allege such conduct. [Plaintiff's] fourth claim, for Deceptive Acts Against a Senior Citizen ... fails because no such claim exists. [Plaintiff's] prayer for punitive damages ... fails because the only claim that authorizes such damages, the invasion of privacy claim, is not supported by her allegations. Finally, [Plaintiff's] prayer for actual damages under the Fair Debt Collections Practices Act ... and the Rosenthal Act ... fails

> because the [Second Amended Complaint] ... fails to allege facts supporting such an allegation.
>
> Therefore, Chase asks that Plaintiff's third and fourth claims, for Invasion of Privacy and Deceptive Acts Against a Senior, be dismissed and that her requests for actual damages (special, general and compensatory damages) and for punitive damages also be dismissed. Furthermore, since Plaintiff has had an opportunity to address these deficiencies (by filing the [Second Amended Complaint]) and has shown that she is unable to correct them, Chase asks that this Motion be granted without leave to amend.

(ECF No. 11-1 at 3-4 (citations omitted)).

On June 13, 2011, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 12). Plaintiff contends that "All of [Chase's] arguments lack support in both law and fact, and should be summarily rejected." *Id*. at 7. Plaintiff contends:

> Defendants placed hundreds of calls to Plaintiff despite her repeated admonitions that she was represented by counsel and that she was not to be contacted directly. Here, the facts differ from all authority cited in Defendants' moving papers. Plaintiff is not the proper debtor in this case. Plaintiff's name and financial information was fraudulently obtained to acquire the underlying home equity loan which is the basis for the alleged debt. Defendants ignored both Plaintiff and Plaintiff's counsels' requests that Defendants cease contact to Plaintiff. Whether or not Defendants purposeful and repeated collection calls to Plaintiff constitute either harassment and abuse or intentional invasion of privacy remain triable issues of fact to be presented to a jury.

*Id*. at 14-15. Plaintiff contends that "treble damages are properly [pled] in Plaintiff's [Second Amended Complaint] as an enhancement of Plaintiff's causes of action"; "punitive damages are appropriately pled in connection with Plaintiff's invasion of privacy claim"; and "Plaintiff's [Second Amended Complaint] has adequately pled facts sufficient to establish actual damages." *Id*. at 15, 16, 17. Plaintiff alternatively requests leave to amend the Second Amended Complaint.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937,

1950 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**III. Discussion**

**A. Invasion of Privacy**

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Deteresa v. Am. Broad. Cos., Inc.*, 121 F.3d 460, 465 (9th Cir. 1997) (applying California law). To determine whether conduct is "offensive" within the meaning of the law, courts consider "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Id*. (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26 (1994)). "Courts have held that repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion." *Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) (quotation omitted); *see also Panahiasl v. Gurney*, No. 04-04479, 2007 WL 738642, at *3 (N.D. Cal. Mar. 8, 2007) (collecting cases).

Plaintiff alleges that, despite Chase knowing that Plaintiff was elderly, Plaintiff had retained counsel, and "Defendants' predecessor ... [having] determined that Plaintiff was a victim of identity theft and fraud and therefore not responsible for the alleged underlying debt," Chase nonetheless called Plaintiff at least once daily for a year, and two or three times daily during a four-month period, "with the purpose to harass or annoy [Plaintiff]." (ECF No. 9 ¶¶ 33, 66). The Court finds these allegations to be materially distinguishable from the district court cases relied upon by Chase in the Motion to Dismiss. *Cf., e.g, Castellanos v. JPMorgan Chase & Co.*, No. 09cv969, 2009 WL 1833981, at *10 (S.D. Cal. June 23, 2009) ("Allegations of a lender calling a debtor concerning a home equity loan extended to the

debtor, especially given the current economic climate, *without more* is not enough to state a claim for invasion of privacy above a speculative level.") (emphasis added). After considering the "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded," the Court finds that Plaintiff's allegations are sufficient to allege that Chase's behavior "would be highly offensive to a reasonable person." *Deteresa*, 121 F.3d at 465. The Motion to Dismiss Plaintiff's claim for invasion of privacy is denied.

**B. Count Four: Treble Damages/Deceptive Acts Against a Senior Citizen**

Count Four of the Second Amended Complaint alleges, in its entirety:

> 89. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
> 90. Plaintiff is a senior citizen.
> 91. Defendants knew or should have known that its conduct was directed towards a senior citizen.

(ECF No. 9 ¶¶ 89-91). The Prayer for Relief requests, *inter alia*, "[t]reble damages pursuant to Cal. Civ. Code § 3345." *Id.* at 14.

California Civil Code § 3345 is a treble-damages provision, which applies "in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons ... to redress unfair or deceptive acts or practices or unfair methods of competition." Cal. Civ. Code § 3345(a).

Chase contends that "Chase is not challenging her decision to seek treble damages in her prayer for relief; Chase is merely challenging Plaintiff's decision to try to convert her prayer for treble damages into an independent claim." (ECF No. 13 at 5). In opposition to the Motion to Dismiss, Plaintiff does not assert that Count Four constitutes an independent claim; Plaintiff contends that "treble damages are properly [pled] in Plaintiff's [Second Amended Complaint] as an enhancement of Plaintiff's causes of action." (ECF No. 12).

The Court finds that "California Civil Code § 3345 ... is not an independent cause of action and will only apply if Plaintiff[] successfully prove[s] liability under [another] claim." *Gwin v. Pac. Coast Fin. Servs.*, No. 09cv2734-BTM; 2010 WL 1691567, at *7 (S.D. Cal. Apr.

23, 2010). The Motion to Dismiss Count Four is granted. However, Plaintiff's request for treble damages pursuant to California Civil Code § 3345 in the Prayer for Relief is not dismissed or stricken.[1]

**C. Punitive Damages**

Chase contends:

> Both parties agree that Plaintiff's prayer for punitive damages relates to her claim for invasion of privacy and her prayer for punitive damages rises and falls with that claim. Plaintiff's other two claims (for FDCPA and Rosenthal Act violations) do not authorize punitive damages and Plaintiff does not dispute this fact. Therefore, since Plaintiff has failed to plead the highly offensive conduct necessary to sustain a claim for invasion of privacy, her prayer for punitive damages should be dismissed along with that claim.

(ECF No. 13 at 5-6 (quotation and citations omitted)).

As discussed above, the Court finds that the Second Amended Complaint adequately states a claim for invasion of privacy. Accordingly, the Motion to Dismiss the prayer for punitive damages is denied.

**D. Actual Damages**

Chase contends:

> Plaintiff[] alleges no hospitalizations or concrete symptoms and her simple allegation of 'unnecessary stress and anxiety [and] fear of answering the phone' ([Second Amended Complaint] ¶ 76) simply fails to show facts supporting a claim for actual damages. Her threadbare allegation consists of nothing more than 'naked assertions' devoid of 'further factual enhancement' and therefore fails to plead facts supporting her claim for actual damages. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Therefore, since Plaintiff has failed to adequately allege actual damages, Chase respectfully requests that this Court strike Plaintiff's prayer for actual damages and her related request for 'special, general, compensatory and punitive damages' without leave to amend.

(ECF No. 11-1 at 10).

"The [Fair Debt Collection Practices Act] provides for the award of actual damages." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011) (citing 15 U.S.C. § 1692k(a)(1)). In *McCollough*, the Court of Appeals for the Ninth Circuit

---

[1] Because the issue was not raised in the Motion to Dismiss, the Court does not decide whether California Civil Code § 3345 may be applied to any of the remaining three counts of the Second Amended Complaint. *Cf. Clark v. Superior Court*, 50 Cal. 4th 605, 612 (2010) (holding that "Civil Code section 3345 is not limited to actions under the Consumers Legal Remedies Act").

held that a jury's $250,000 award for actual damages due to emotional distress was supported by the record. In so holding, *McCollough* relied upon *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2006), wherein the court stated that emotional distress damages may be based solely upon a plaintiff's testimony, and "it is not the law of this circuit" that "'the evidence of the emotional distress must be demonstrable, genuine, and adequately explained.'" *Id*. at 1040 (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1251 (4th Cir. 1996)).

The Court finds that Plaintiff adequately alleges an entitlement to actual damages pursuant to the Fair Debt Collection Practices Act. The Motion to Dismiss or strike the request for actual damages is denied.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss the Second Amended Complaint is GRANTED IN PART and DENIED IN PART. (ECF No. 11). Count Four of the Second Amended Complaint is dismissed. In all other respects, the Motion to Dismiss is denied.

DATED: August 23, 2011

**WILLIAM Q. HAYES**
United States District Judge